IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LARRY A. OLADIPUPO,<br><br>  Petitioner,<br><br>v.<br><br>WARDEN MORGAN,<br><br>  Respondent. | Civil Action No.: PWG-19-1860 |

## MEMORANDUM OPINION

Petitioner Larry Oladipupo filed a Petition for Writ of Habeas Corpus asserting five grounds for relief pursuant to 28 U.S.C. § 2254 on June 21, 2019. In Answer to Mr. Oladipupo's Petition, Respondent asserts that two of the five claims were decided on independent and adequate state law grounds; two of the claims are unexhausted; and the final claim is without merit. ECF No. 10 at 2-3. I have reviewed the filings and find that no hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, Mr. Oladipupo's Petition shall be denied and a certificate of appealability shall not issue with respect to three of his five claims. Further briefing will be required to resolve the two remaining claims.

## Background

On April 9, 2014, Petitioner Larry Oladipupo was arrested in Montgomery County, Maryland on charges of distribution of marijuana and possession with intent to distribute

marijuana. ECF No. 10-1 at 66.[1] The facts underlying the charges were summarized by the Maryland Court of Special Appeals as follows:

> On the evening of April 9, 2014, Officer Robert Farmer was patrolling in an unmarked police car in the area of Quince Orchard Boulevard and Darnestown Road near Gaithersburg. Officer Farmer observed a Buick with five occupants turn into a development and drive towards a parked red Dodge Charger with tinted windows. Officer Farmer witnessed the passenger of the Buick get into the Charger and, after a few minutes, return to the Buick, whereupon both vehicles left the scene.
>
> Officer Farmer followed the Buick while other officers located the Charger. Eventually, Officer Farmer stopped the Buick, and Daniel Schwartz, one of its occupants, told Officer Farmer that he had purchased marijuana from the driver of the Charger, who he knew as "Larry."
>
> Police had Schwartz contact Larry to set up another drug transaction. Later that evening, officers located the Charger in the area where Schwartz had arranged to meet Larry. Officer Michael Schmidt stopped the Charger, which [Oladipupo] was driving. [Oladipupo] consented to a pat down, which revealed a quantity of marijuana, and police later found more marijuana in a strip search of [Oladipupo]. In total, police recovered 7.99 grams of marijuana from [Oladipupo], as well as $110 in cash, an iPhone, and a LG flip phone.

ECF No. 10-1 at 65-66 (footnotes omitted).

A jury found Mr. Oladipupo guilty of possession with intent to distribute marijuana and acquitted him on the marijuana distribution charge. ECF No. 10-3 at 185-86. On October 21, 2015, he was sentenced to serve a four-year term of incarceration, which the trial court made consecutive to a 17-year sentence Mr. Oladipupo had received for violation of probation, and concurrent to a 25-year sentence imposed in an unrelated case.[2]

Mr. Oladipupo raised two claims on direct appeal to the Maryland Court of Special Appeals. He argued *first* that the trial court erred when it failed to give a jury instruction regarding a benefit that the State's witness (Daniel Schwartz) received in exchange for testifying; and *second*

---

[1]   Page numbers cited correspond to the page numbers assigned to docketed pleadings by the Court's electronic docketing program and may not correspond to the page numbers assigned by the party who filed the pleading.
[2]   *See Oladipupo v. Morgan, et al.*, Civ. Action PWG-18-1016 (D. Md. 2018).

that there was insufficient evidence to sustain his conviction. ECF No. 10-1 at 66-67. The Court of Special Appeals rejected both grounds for appeal because neither was preserved for its review. *Id*. With respect to Mr. Oladipupo's first claim, trial counsel did not object to the jury instructions given, and the Court of Special Appeals determined that plain error review, which is reserved for "'situations that are compelling, extraordinary, exceptional or fundamental to assure the defendant a fair trial,'" was not warranted on that issue. *Id*. at 67 (quoting *Gross v. State*, 142 A.3d 692 (Md. Ct. App. 2016)); *see also Conyers v. State*, 729 A.2d 910 (Md. 1999). With respect to Mr. Oladipupo's second claim, the Court of Special Appeals noted that trial counsel's motion for judgment of acquittal failed to state with particularity the reasons why the motion should be granted. *Id*. The appellate court further noted that a motion for judgment of acquittal that is made in such a general way "does not comply with [Maryland] Rule [4-324(a),] and thus does not preserve the issue of sufficiency for appellate review." ECF No. 10-1 at 67-68 (quoting *Montgomery v. State*, 206 Md. App. 357, 385 (2012).

Petitioner sought certiorari review with the Maryland Court of Appeals by *pro se* petition. ECF No. 10-2 at 71-72. The Court of Appeals denied the petition in an order dated January 24, 2017. *Id*. at 73.

On April 28, 2017, Petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court for Montgomery County. ECF No. 10-1 at 74-78. A supplemental petition, filed by counsel provided through the Maryland Office of the Public Defender, raised four claims of ineffective assistance of counsel. *Id*. at 79-93. Specifically, Mr. Oladipupo's supplemental petition argued that trial counsel was ineffective for failing to object to the admission of "other crimes" evidence, failing to request a witness benefit jury instruction, and failing to argue a motion for judgment of acquittal with particularity. It also argued that appellate counsel was ineffective for failing to

3

challenge the "other crimes" evidence on direct appeal. *Id*. at 107 (Mem. Op. denying post-conviction relief).

The post-conviction court held a hearing on December 20, 2018 (*see* ECF No. 10-5 (transcript)), and issued a memorandum opinion on May 10, 2019, denying relief on all grounds (ECF No. 10-1 at 104-114). Mr. Oladipupo filed an application for leave to appeal that decision but raised one issue only—whether the post-conviction court erred when it found that trial counsel did not render ineffective assistance of counsel by failing to argue the motion for judgment of acquittal with particularity. ECF No. 10-1 at 115-16. At the time Petitioner filed his petition in this Court, his application for leave to appeal remained pending.[3]

Mr. Oladipupo filed this Petition on June 21, 2019. ECF No. 1. His Petition raises five claims for relief: (1) the trial court erred when it failed to give a witness promise of benefit instruction[4] *sua sponte*; (2) the evidence is insufficient to sustain the conviction; (3) trial counsel was ineffective by failing to object to "other crimes" evidence; (4) trial counsel was ineffective for failing to argue a motion for judgment of acquittal with particularity; and (5) trial counsel was ineffective for failing to request a witness promised benefit jury instruction. ECF No. 1 at 5-6.

With respect to Mr. Oladipupo's first two claims, Respondent asserts that they were rejected on direct appeal on independent and adequate state law grounds and are therefore

---

[3] Despite the fact that Mr. Oladipupo's application for leave to appeal had not yet been decided when Respondent filed the Answer, they ask this Court to reach the merits of Petitioner's claim.

[4] Maryland Pattern Jury Instruction 3-13 is the Witness Benefit Instruction. The instruction is:

> You may consider the testimony of a witness for the State, who testifies for the State as a result of a plea agreement, brackets, a promise that he will not be prosecuted, a financial benefit, a benefit, an expectation of a benefit. However, you should consider such testimony with caution, because the testimony may have been influenced by a desire to gain leniency, freedom, a financial benefit by testifying against the defendant.

ECF No. 10-5 at 37 (the word "brackets" appears in the transcript).

procedurally barred. With respect to claims (3) and (5), Respondent asserts that Mr. Oladipupo failed to exhaust those claims because they were not raised in the application for leave to appeal the denial of post-conviction relief. Finally, Respondent asserts that claim (4), which was raised in Mr. Oladipupo's application for leave to appeal the denial of post-conviction relief, is without merit. ECF No. 10.

## Standard of Review

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* 572 U.S. 415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2)

"confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted). Further under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett,* 559 U.S 766, 773 (2010).

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief).

Significant to this case, a procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999). The Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[5] *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314 (1995).

**Analysis**

**A.     Trial Court Error**

---

[5]     Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id*.; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006). Petitioner has not raised an actual innocence claim.

Mr. Oladipupo asserts that the trial court erred *first* when it did not give the witness benefit jury instruction and *second* when it failed to find that the evidence was insufficient to support the conviction. ECF No. 1 at 5. Mr. Oladipupo raised those claims on direct appeal, and the Court of Special Appeals rejected both claims because they were not preserved for review during the trial. Because both claims were rejected on independent state law grounds, Mr. Oladipupo's Petition must be denied as to the witness benefit jury instruction and the sufficiency of the evidence supporting his conviction.

With respect to Mr. Oladipupo's claim regarding the failure to give a witness benefit jury instruction, the Court of Special Appeals cited Maryland Rule 4-325(f),[6] which provides that:

> No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection. Upon request of any party, the court shall receive objections out of the hearing of the jury. An appellate court, on its own initiative or on the suggestion of a party, may however take cognizance of any plain error in the instructions, material to the rights of the defendant, despite a failure to object.

The Court of Special Appeals noted that trial counsel did not object to the jury instructions provided, and that the omission of the subject instruction accordingly did not meet the requirements for review under Maryland Rule 4-325(f). ECF No. 10-1 at 66-67. The Court of Special Appeals also concluded that this case was not one that presented such "compelling, extraordinary, exceptional or fundamental" errors to warrant plain error review. *Id*.

Regarding trial counsel's motion for judgment of acquittal, the Court of Special Appeals relied on Maryland Rule 4-324(a) which provides in pertinent part that a "defendant shall state with particularity all reasons why the motion should be granted." Here, trial counsel moved for a judgment of acquittal at the close of the State's case but offered no specific basis for the motion.

---

[6] Formerly, Md. Rule 4-325(e).

ECF No. 10-3 at 142-43. When the trial court inquired whether trial counsel wanted to "state any reason [for his motion] on the record," counsel stated that he was just making the motion "generally." *Id*. at The Court of Special Appeals therefore rejected Mr. Oladipupo's claim because, a "general" motion for judgment of acquittal does not preserve a sufficiency of the evidence claim under Maryland law. ECF No. 10-1 at 64.

Where claims asserted in a federal habeas petition were rejected by the State court "on a state law ground that is independent of the federal question and adequate to support the judgment," this Court does not have jurisdiction to address the merits of the claims. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id*. at 730, citing *Herb v. Pitcairn*, 324 U.S. 117, 125–126 (1945) ("We are not permitted to render an advisory opinion, and if the same judgment would be rendered by the state court after we corrected its views of federal laws, our review could amount to nothing more than an advisory opinion"). "It is not enough that the state court could have rested its decision on the procedural bar; it actually must have based its decision on the adequate and independent state ground in order to bar federal habeas review." *Smith v. Dixon*, 14 F.3d 956, 962 (4th Cir. 1994), citing *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985).

Here, the Court of Special Appeals's opinion contains a "plain statement" of the State law on which it relied in rejecting Mr. Oladipupo's claims. *See Harris v. Reed*, 489 U.S. 255, 261 (1989). And the procedural rules relied on by the appellate court provide adequate grounds to bar this Court from reaching the merits of the claims asserted. *See Beard v. Kindler*, 558 U.S. 53, 60-61 (2009) (discretionary state procedural rule serves as adequate ground to bar federal habeas

review where it is "firmly established" and "regularly followed"). Accordingly, Petitioner's first two claims are procedurally barred and may not form the basis for federal habeas relief.

**B.      Ineffective Assistance of Counsel**

Petitioner's remaining claims concern allegations that his trial counsel was ineffective for: (1) failing to object to the admission of other crimes evidence; (2) failing to argue the motion for judgment of acquittal, and; (3) failing to request the witness promised benefit jury instruction. ECF No. 1 at 5-6. Respondent contends that Mr. Oladipupo's claims regarding trial counsel's failure to object to other crimes evidence claim and failure to request the witness benefit jury instruction claim are unexhausted because Petitioner did not raise those claims in his application for leave to appeal the denial of post-conviction relief. ECF No. 10-1 at 115-16.

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). Given the unusual procedural posture of this case, *i.e.*, Petitioner's application for leave to appeal the denial of post-conviction relief was still pending when he filed this Petition, this Court is not in a position to determine whether Petitioner has failed to raise the challenged claims in, for example, an amended application for leave to appeal. Thus, with respect to the two ineffective assistance of counsel claims Respondent contends are procedurally barred, they will be directed to update the record to

clarify whether Petitioner raised the two claims with the appellate courts after this Petition was filed.

Mr. Oladipupo did raise one claim in his application for leave to appeal, namely, that his trial counsel provided ineffective assistance by failing to argue the motion for judgment of acquittal. ECF No. 10-1 at 115-16. When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires the Court to consider whether there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id*. at 696. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (citations omitted).

As the Supreme Court held in *Strickland v. Washington*, *supra*, "a state court conclusion that counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by [former] 28 U.S.C. § 2254(d)[ now § 2254(e)(1)]." *Id*. at 698. Rather, "although state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254[(e)(1)], . . . both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* It follows, then, that § 2254(d)(1) applies to the state court's conclusion that the petitioner's trial counsel rendered effective assistance of counsel and this Court may not grant relief on this claim as long

as the state court denied the claim based on a reasonable application of the *Strickland* standard to the facts presented in the state court proceeding.

The post-conviction court found Petitioner's claim that trial counsel was not constitutionally ineffective for failing to argue a motion for judgment of acquittal because Mr. Oladipupo could not demonstrate prejudice as a result of that failure. ECF No. 10-1 at 112-13. The post-conviction court observed that:

> Petitioner is not prejudiced where there is sufficient evidence for a jury to find him guilty because the sufficiency allegation would have been denied on appeal. *Mosley v. State*, 378 Md. 548, 571 (2003). Here, the Petitioner cannot demonstrate prejudice under *Strickland* because the jury had substantial evidence to find that the Petitioner possessed the marijuana with the intent to distribute it. Testimony was presented at trial that police stopped the Petitioner, the sole occupant of the vehicle, for committing a traffic violation. [ECF No. 10-3 at 8-9]. A pat down revealed three baggies of marijuana in his pants and a search incident to the ensuing arrest revealed: one hundred dollars ($100) in cash; multiple cell phones; and an additional stash of marijuana hidden in the Petitioner's groin area. *Id*. at 12-14. Moreover, a narcotics expert testified that the combination of factors present in this case would lead him to conclude that the Petitioner possessed the marijuana with intent to distribute. [ECF No. 10-3 at 116]. Thus, Petitioner has failed to demonstrate prejudice under *Strickland*.

ECF No. 10-1 at 113. The post-conviction court's analysis is neither unreasonable nor represents a misapplication of applicable law. Habeas relief is therefore denied as to this claim.

### Certificate of Appealability

With respect to the three claims for which this Court is denying relief, a certificate of appealability must be considered. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (February 22, 2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further,"

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right in connection with the three claims adjudicated herein, a certificate of appealability shall be denied. *See* 28 U. S.C.§ 2253(c)(2). Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

    A separate Order follows.

  __6/9/22_____                                                  ____/S/_____
Date                                                                         Paul W. Grimm
                                                                               United States District Judge