IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY A. OLADIPUPO,

   Petitioner,

v.

WARDEN MORGAN,

   Respondent.

Civil Action No.: PWG-19-1860

## MEMORANDUM OPINION

On June 9, 2022, this Court issued a Memorandum Opinion and Order denying three of the five claims raised by Petitioner Larry A. Oladipupo and directing further briefing on the remaining two claims. ECF Nos. 13 and 14. Respondent was directed to specifically address whether Petitioner had raised two ineffective assistance of counsel claims in his application for leave to appeal the denial of post-conviction relief. ECF No. 13 at 10-11. At the time Petitioner filed his petition with this Court, his application for leave to appeal was still pending. *Id*. Respondent filed a Response to the Court's Order on June 21, 2022. ECF No. 16. Although Petitioner was granted 28 days from the date Respondent filed the Response to file a Reply, he has not done so. For the reasons that follow, the Court denies relief on Petitioner's remaining two claims and declines to issue a certificate of appealability.

## BACKGROUND

The factual background was set forth by this Court in its June 21, 2022 Memorandum Opinion as follows:

> On April 9, 2014, Petitioner was arrested in Montgomery County, Maryland on charges of distribution of marijuana and possession with intent to distribute

marijuana. ECF No. 10-1 at 66. The facts underlying the charges were summarized by the Maryland Court of Special Appeals as follows:

> On the evening of April 9, 2014, Officer Robert Farmer was patrolling in an unmarked police car in the area of Quince Orchard Boulevard and Darnestown Road near Gaithersburg. Officer Farmer observed a Buick with five occupants turn into a development and drive towards a parked red Dodge Charger with tinted windows. Officer Farmer witnessed the passenger of the Buick get into the Charger and, after a few minutes, return to the Buick, whereupon both vehicles left the scene.
>
> Officer Farmer followed the Buick while other officers located the Charger. Eventually, Officer Farmer stopped the Buick, and Daniel Schwartz, one of its occupants, told Officer Farmer that he had purchased marijuana from the driver of the Charger, who he knew as "Larry."
>
> Police had Schwartz contact Larry to set up another drug transaction. Later that evening, officers located the Charger in the area where Schwartz had arranged to meet Larry. Officer Michael Schmidt stopped the Charger, which [Oladipupo] was driving. [Oladipupo] consented to a pat down, which revealed a quantity of marijuana, and police later found more marijuana in a strip search of [Oladipupo]. In total, police recovered 7.99 grams of marijuana from [Oladipupo], as well as $110 in cash, an iPhone, and a LG flip phone.
>
> A jury found Petitioner guilty of possession with intent to distribute marijuana and acquitted him on the marijuana distribution charge. ECF No. 10-3 at 185-86. On October 21, 2015, Petitioner was sentenced to serve a four-year term which the trial court made consecutive to a 17-year sentence Petitioner had received for violation of probation and concurrent to a 25-year sentence imposed in an unrelated case.

ECF No. 13 at 1-2 (quoting ECF No. 10-1 at 65-66) (footnotes omitted).

Petitioner filed a direct appeal raising two claims: the trial court erred when it failed to give a jury instruction regarding a benefit gleaned by a witness for the State in exchange for his testimony and the evidence was insufficient to support a guilty verdict. ECF No. 10-1 at 66-67. Both claims were rejected by the Court of Special Appeals because they were not properly preserved; consequently, this Court denied relief on either of these claims as they were decided on an independent and adequate state law ground. ECF No. 13 at 8-10.

2

Petitioner also raised three ineffective assistance of counsel claims. This Court could not determine if two of Petitioner's claims were procedurally defaulted. This Court observed:

> Petitioner's application for leave to appeal the denial of post-conviction relief was still pending when he filed this Petition, this Court is not in a position to determine whether Petitioner has failed to raise the challenged claims in, for example, an amended application for leave to appeal. Thus, with respect to the two ineffective assistance of counsel claims Respondent contends are procedurally barred, they will be directed to update the record to clarify whether Petitioner raised the two claims with the appellate courts after this Petition was filed.

ECF No. 13 at 10-11 (Mem. Op.).

Respondent supplemented the record with the State court's docket entries for Petitioner's appellate case. ECF No. 16-1 at 1-2. The State appellate docket shows that Petitioner did not file an amended application for leave to appeal raising the two ineffective assistance of counsel claims at issue. *Id.* Additionally, the docket for Petitioner's case in the Circuit Court for Montgomery County, Maryland do not show any attempt by Petitioner to file anything further in an attempt to raise the two claims at issue by way of post-conviction or further appeal. ECF No. 16-2. Based on those factors, Respondent asserts that the two claims – ineffective assistance of counsel for failure to object to other crimes evidence and for failure to request a witness benefit jury instruction – are procedurally defaulted. ECF No. 16 at 3.

## DISCUSSION

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481

(D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). When a claim or claims are procedurally defaulted, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id*. (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 314 (1995).

Petitioner's two remaining claims both assert ineffective assistance of counsel. When a petitioner alleges a claim of ineffective assistance of counsel, he must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires the Court to consider whether there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A strong presumption of adequacy attaches to counsel's conduct, so strong in fact that a petitioner alleging ineffective assistance of counsel must show that the proceeding was rendered fundamentally unfair by counsel's affirmative omissions or errors. *Id*. at 696.

Additionally, petitioner must show that the adjudication of such claims at the state court level:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(Supp.1997). The Act further provides that:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

§ 2254(e)(1).

As the Supreme Court held in *Strickland v. Washington*, *supra*, "a state court conclusion that counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by [former] 28 U.S.C. § 2254(d)[ now § 2254(e)(1)]." *Id*. at 698. Rather, "although state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254[(e)(1)], . . . both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* It follows, then, that § 2254(d)(1) applies to the state court's conclusion that the petitioner's trial counsel rendered effective assistance of counsel and this Court may not grant relief on this claim as long as the state court denied the claim based on a reasonable application of the *Strickland* standard to the facts presented in the state court proceeding.

The record before this Court does not support any exception to the procedural default rule. No manifest injustice would result if this Court does not reach the merits of Petitioner's claims, and there is no evidence of any objective factor external to the defense that prevented Petitioner from raising them. Significant to this determination is the post-conviction court's ruling on each claim.

5

Petitioner claims first that trial counsel was ineffective for failing to object to the admission of other crimes evidence in the form of text messages extracted from his cell phone for the purpose of demonstrating his intent to distribute drugs, as opposed to simple possession. ECF No. 10-1 at 107. Trial counsel, however, did object to the admission of a printout of the text messages, stating the information was prejudicial because some of the text messages dated back to a month prior to the incident for which Petitioner was being tried. *Id*. at 108. The trial court admitted the evidence finding that it was relevant to Petitioner's state of mind and that the text messages were not "too remote" in time as all of the messages occurred within 30 days of the date of the crime. *Id*.

In rejecting this claim, the post-conviction court found that trial counsel made a timely general objection, and the trial court properly admitted the evidence. ECF No. 10-1 at 109. Applying the standard embodied in the Supreme Court's decision in *Strickland*, the post-conviction court observed that "Petitioner has failed to rebut the presumption" that trial counsel rendered adequate assistance. *Id*. Further, the post-conviction court noted that trial counsel's decision whether to object is a matter of trial tactics and strategy. *Id*. Failing to reach the merits of this procedurally defaulted claim will not result in a manifest injustice.

Petitioner's second ineffective assistance of counsel claim assigns error to his trial counsel for failing to request a witness benefit jury instruction. In Petitioner's view, the instruction was warranted in connection with the testimony of Daniel Schwartz, who invoked his Fifth Amendment privilege against self-incrimination. ECF No. 10-1 at 111. Schwartz was then offered "use and derivative use immunity" by the State's Attorney and was subsequently ordered to testify. *Id*. Schwartz indicated during his testimony that he was not promised a benefit for his testimony. *Id*. The post-conviction court rejected Petitioner's claim as "[t]he evidence in this case directly

contradicts [his] assertions." *Id*. at 112. This procedurally defaulted claim also does not warrant this Court's analysis of the merits on manifest injustice grounds.

## CONCLUSION

Habeas relief on Petitioner's two remaining claims is denied on procedural default grounds. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The standard for issuance of a certificate of appealability is not satisfied here. However, Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

  __9/22/2022___                                                 _____/s/_____
Date                                                                                   Paul W. Grimm
                                                                                                    United States District Judge